**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 29 2012

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

Karen Hayes Green, Administrator of the
Estate of Henry C. Hayes, Deceased                    PLAINTIFF

v.                    No. 4-12-CV-0398 JMM

United States of America                              DEFENDANT

This case assigned to District Judge _____
and to Magistrate Judge _____

**COMPLAINT**

Comes the Plaintiff, Karen Hayes Green, as administrator of the estate of Henry C. Hayes, deceased, and for her complaint against the defendant, United States of America, alleges and states that:

1. Plaintiff Karen Hayes Green is the duly appointed Administrator of the Estate of Henry C. Hayes, deceased, having been appointed by order of the Jefferson County Circuit Court on July 28, 2011. Letters of Administration were issued on August 8, 2011.

2. This action arises under the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671, et seq.

3. Plaintiff has exhausted her remedies under 28 U.S.C. 2675(a). More than six months have elapsed since the Plaintiff presented her administrative tort claim to the Department of Veterans Affairs in North Little Rock, Arkansas. Plaintiff's claim was denied by Tammy L. Kennedy, Department of Veterans Affairs' Regional Counsel on March 6, 2012. See attached Exhibit A, a copy of the letter denying Plaintiff's claim.

4. Plaintiff's decedent Henry C. Hayes resided in Pine Bluff, Jefferson County, Arkansas. Mr. Hayes was transferred from Jefferson Hospital in Pine Bluff to the John

L. McClellan Veterans Hospital in Little Rock, Arkansas, on October 9, 2009. After he was admitted to the Veterans Hospital, it was determined that he had an intestinal blockage, and surgery was performed on or about October 18, 2009, which consisted of an exploratory laparotomy, splenectomy, and a small bowel repair.

5. On October 28th, Mr. Hayes was started on clear fluids and on October 29th, the hospital staff decided that he should be put on a regular diet. Upon information and belief, there was not clearance by the respiratory department, in the form of a swallow study, before his diet was advanced, nor was any determination made concerning Mr. Hayes' ability to swallow before he was advanced to a regular diet.

6. On October 30, 2009, Mr. Hayes was given Ensure by hospital staff and was then put to bed. Approximately an hour later, at about 6:45 p.m., he was noted to be anxious and short of breath, with a respiratory rate having declined to the 40's or 50's and had become tachycardic. A physician was notified and medications were given. At approximately 7:00 p.m., physicians were again notified of Mr. Hayes' worsening breathing difficulties and signs of respiratory distress. The staff began bagging with an oxygen mask and respiratory therapy treatments were attempted. However, Mr. Hayes became diaphoretic with a systolic blood pressure of 200. He further deteriorated and by approximately 9:38 p.m. was in complete respiratory distress. Attempts to intubate failed.

7. During the course of the untimely resuscitative efforts, it was determined that Mr. Hayes had aspirated on the Ensure given to him by the hospital staff. Because of the delayed and failed attempts at intubation, a physician performed what is called a cricothyrotomy, an emergency procedure done in an attempt to establish an airway.

Subsequently a tracheostomy was performed, and an endotracheal tube was placed.

8. By the time Mr. Hayes was finally resuscitated, permanent brain damage had occurred. He remained at the John L. McClellan Veterans Administration Hospital until he died on November 27, 2009, as a result of anoxic brain injury incurred, as set out hereinabove, on or about October 30, 2009.

9. Specific acts of negligence on behalf of the staff at the John L. McClellan Veterans Administration Hospital, as set out herein, include, but are not limited to:

a) Failing to do a swallow study and/or proper assessment to determine his swallowing capacity before advancing him on a regular diet;

b) Failing to recognize that Mr. Hayes was in respiratory distress and consequently failing to take action for approximately two hours, until an emergency code was called at approximately 9:38 p.m.;

c) Failing to timely determine that the Ensure given Mr. Hayes had been aspirated;

d) Failing to properly suction the Ensure the patient had aspirated;

e) Failing to properly insert an endotracheal tube by inserting the tube into his esophagus, rather than in his trachea and failing to maintain his airway;

f) Performing unnecessary surgery in the form of the cricothyrotomy;

g) Otherwise failing to exercise ordinary care for physicians, surgeons, therapists, nurses and other medical personnel in Little Rock, Arkansas, or in similar communities under the same or similar circumstances.

10. As a result of the negligent acts of the staff of John L. McClellan Veterans Administration Hospital described herein, the Plaintiff's decedent, Henry C. Hayes,

suffered serious physical injuries, including anoxic brain death, underwent extreme pain, suffering and mental anguish prior to his death, and required extensive medical treatment that he would not have otherwise required. Further, Mr. Hayes' Estate has incurred damages in the form of additional medical expenses at John L. McClellan Veterans Administration Hospital. Additionally, the Estate has incurred funeral expenses and, under Arkansas law, the Estate is entitled to recover for the loss of the life of Henry C. Hayes. Further, under the Arkansas Wrongful Death Statute, the Plaintiff is entitled to recover on behalf of the statutory beneficiaries for mental anguish suffered by said beneficiaries as a result of Mr. Hayes' death.

11. The Plaintiff has submitted a claim to the Veterans Administration in the total amount of $3,000,000, which includes $1,000,000 for personal injury and $2,000,000 for Mr. Hayes' wrongful death.

WHEREFORE, the Plaintiff prays that upon a trial hereof she be granted judgment against the Defendant in an amount equal to her damages sustained, such amount being in excess of the current minimum required for federal court jurisdiction, and for all other just and proper relief to which Plaintiff may be entitled.

Respectfully submitted,

Gary Holt & Associates
P. O. Box 3887
Little Rock, AR 72203-3887
(501) 372-0266

_____
Hugh F. Spinks, #75122
Attorney for Plaintiff



**Department of Veterans Affairs**
Office of Regional Counsel
2200 Fort Roots Drive, Bldg 5
North Little Rock, AR 72114
Phone (501)-257-4122
Fax (501)257-4130

**CERTIFIED MAIL - RRR**
March 6, 2012

Mr. Hugh F. Spinks                                                                  In Reply Refer To:  GCL72904
Attorney at Law                                                                          Direct Line: (501) 257-4129
P.O. Box 3887
Little Rock, AR 72203

RE:  Administrative Tort Claim filed on behalf of the Estate of Henry C. Hayes, Deceased

Dear Mr. Spinks:

We have completed our evaluation of your administrative tort claim filed on behalf of the Estate of Mr. Henry C. Hayes. Our investigation did not disclose any negligent acts or omissions by employees of the Department of Veterans Affairs acting within the scope of their employment. Accordingly, this claim is denied.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means: (1) you may mail your request to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) you may file your request by data facsimile (fax) to 202-273-6385; or (3) you may e-mail your request to OGC.torts@mail.va.gov. To be timely filed, VA must receive this request prior to the expiration of six months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, VA shall have six months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate U.S. District Court under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within six months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

Sincerely yours,

*Tammy L. Kennedy*
TAMMY L. KENNEDY
Regional Counsel

cc:  Medical Center Director, VAMC, Little Rock, AR  72205

**EXHIBIT A**